IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETER SZANTO**, | Case No. 3:19-cv-1039-SI |
| Appellant, | (Bankr. Ct. Case No. 16-33185-pcm7) |
| v. | **ORDER** |
| **STEPHEN P. ARNOT** and **WILLIAMS KASTNER GREENE & MARKLEY**, | |
| Appellees. | |

**Michael H. Simon, District Judge.**

This case involves an appeal by Appellant Peter Szanto ("Szanto") of orders by the Bankruptcy Court awarding interim professional fees to the former U.S. Trustee of Szanto's bankruptcy estate, Appellee Stephen P. Arnot ("Arnot"), and Arnot's counsel in the bankruptcy case, Appellee Williams Kastner Greene & Markley ("WKGM"). Before the Court is the motion to dismiss filed by Appellees. Appellees move to dismiss this appeal on three independent grounds: (A) the interim fee orders challenged in this appeal are non-final and thus the appeal is interlocutory and not appropriate for review by this Court; (B) the appeal is not timely; and

PAGE 1 – ORDER

(C) Szanto failed timely to file his opening or brief or statement of issues as required by the Federal Rules of Bankruptcy Procedure.[1] Because the Court finds that Szanto fails to demonstrate that interlocutory review is warranted in this case, Appellees motion is granted on the first ground and the Court declines to reach the Appellees' remaining arguments.[2]

Regarding interim fee awards, the Ninth Circuit has explained that they are non-final orders that are interlocutory in nature:

> Section 331 provides that "any professional person employed under section 327 . . . may apply to the court . . . for such compensation for services rendered before the date of such an application. . . as is provided under section 330 of this title." 11 U.S.C. § 331. The limited purpose of this statute is to provide financial relief to court-appointed officers engaged in protracted bankruptcy litigation, so that these officers do not have to wait for what may be years before receiving compensation.
>
> The relief afforded under § 331, however, in no way restricts the bankruptcy court's ability to craft a final award under § 330. "Because interim awards are interlocutory and often require future adjustments, they are '*always* subject to the court's reexamination and adjustment during the course of the case.'" *In re Evangeline Ref. Co.*, 890 F.2d [1312,] 1321 [5th Cir. 1989] (quoting 2 *Collier on Bankruptcy* ¶ 331.03 (15th ed.)); *see also In re Taxman Clothing Co.*, 49 F.3d 310, 314 (7th Cir. 1995) ("[A]ll awards of interim compensation are tentative, hence reviewable—and revisable—at the end of the case."); *Callister v. Ingersoll Rand Fin. Corp. (In re Callister)*, 673 F.2d 305, 306 (10th Cir. 1982) ("[Section 331] anticipates repeated application to the court for reimbursement and compensation, subjecting the award to amendment or modification at any time during the pendency of the bankruptcy proceedings."). Given the purpose of § 331 and the inherent nature of tentative financial relief, the bankruptcy court did not need to find any misconduct on the part of Leichty to justify modification of the interim award upon a final evaluation of

---

[1] Appellees raised new arguments for the first time in their reply brief, which the Court disregards. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (noting that "arguments raised for the first time in a reply brief are waived"); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

[2] The Court finds that this motion is suitable for resolution without oral argument.

> the fee application. *In re Evangeline Ref. Co.,* 890 F.2d at 1322 ("Interim fee awards are not final determinations intended to put a matter to rest.").

*Leichty v. Neary (In re Strand)*, 375 F.3d 854, 858 (9th Cir. 2004) (emphasis in original) (citations omitted); *see also Ishimaru v. Klevansky Piper, LLP*, 2019 WL 3535685, at *1 n.1 (D. Haw. Aug. 2, 2019) ("Orders awarding interim fees are interlocutory orders because they 'are always subject to the court's reexamination and adjustment during the course of the case.'" *In re Stewart*, 157 B.R. 893, 895 (B.A.P. 9th Cir. 1993) (citations omitted); *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995).").

A district court, in its discretion, may hear interlocutory appeals of a bankruptcy court's non-final order. 28 U.S.C. 158(a)(3); *see also In re City of Desert Hot Springs*, 339 F.3d 782, 787-88 (9th Cir. 2003) ("It is within the discretion of the district court and the BAP, however, to hear interlocutory appeals. We have no jurisdiction to consider whether such exercises of discretion are proper." (citation omitted)). Generally, an appellant must file a motion requesting leave to file an interlocutory appeal, but under Bankruptcy Rule 8003 the court may treat a notice of appeal as a motion for leave to file an interlocutory appeal. *See, e.g.*, *In re Belice*, 461 B.R. 564, 572 (B.A.P. 9th Cir. 2011); *Ishimaru*, 2019 WL 3535685, at *1. "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *In re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995); *see also In re Belice*, 461 B.R. at 572.

Szanto did not file a motion for leave to file an interlocutory appeal, but the Court treats his Notice of Appeal as such a motion. The interim fee awards, however, do not involve a controlling issue of law where there is substantial ground for difference of opinion, and an appeal at this time, as opposed to after the final fee award, does not materially advance the ultimate

PAGE 3 – ORDER

termination of the litigation. *See, e.g.*, *Ishimaru*, 2019 WL 3535685, at *1; *In re Miller*, 2017 WL 1364203, at *6 (C.D. Cal. Apr. 10, 2017). This ruling has no bearing on the substance of Szanto's appeal of the fee awards; rather, the Court concludes that it does not have jurisdiction to hear challenges to the interim fee awards.

Szanto argues that "extraordinary" circumstances exist supporting interlocutory review because the bankruptcy judge improperly converted Szanto's bankruptcy case from Chapter 11 to Chapter 7, Arnot and the current U.S. Trustee were and are engaged in "thievery," and for months the bankruptcy judge has not ruled on Szanto's motion to intervene in a separate litigation. These arguments, however, do not support that the interim fee awards that are the subject of this appeal meet the requirements for interlocutory review.

Appellees' Motion to Dismiss (ECF 6) is GRANTED. Szanto's appeal of the Bankruptcy Court's decisions awarding interim professional fees is dismissed.

**IT IS SO ORDERED.**

DATED this 23rd day of January, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge